UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 14-61190-CIV-BLOOM/VALLE

**EYAL VADAI**,

    Plaintiff,

vs.

**CELEBRATION CRUISE LINE, LLC**, and
**CARIBBEAN CRUISE LINE, INC.**,

    Defendants.
_____/

## ORDER GRANTING AGREED MOTION TO AMEND/CORRECT JUDGMENT; AMENDED RULE 68 FINAL JUDGMENT AND INJUNCTION

**THIS CAUSE** came before the Court on the parties' Agreed Motion to Amend/Correct Judgment, ECF No. [78], filed on October 27, 2014. Plaintiff had previously filed a Notice of Acceptance with Offer of Judgment, ECF No. [76], on October 16, 2014. The Court has reviewed the parties' Motion, the Acceptance and Defendants' Offer of Judgment, the relevant portions of the record, and applicable law.

Plaintiff, Eyal Vadai, filed the Complaint, ECF No. [1], in this case on May 21, 2014, alleging a violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, against Defendants, Celebration Cruise Line, LLC, and Caribbean Cruise Line, Inc. The parties now seek entry of judgment pursuant to Fed. R. Civ. P. 68.

Rule 68 provides, in relevant part:

> At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

Fed. R. Civ. P. 68. First, a defendant makes a firm, non-negotiable offer of judgment. *Utility Automation 2000, Inc. v. Choctawhatchee Elec. Co-op, Inc.*, 298 F.3d 1238, 1240 (11th Cir. 2002). Second, unlike in traditional settlement negotiations, in which a plaintiff may seek clarification or make a counteroffer, a plaintiff faced with a Rule 68 offer may choose only to accept or to refuse. *Id.* If the plaintiff accepts, the court automatically enters judgment in its favor; if the plaintiff refuses, the case proceeds. *Id.* "The plain purpose of Rule 68 is to encourage settlement and avoid litigation." *Marek v. Estate of Chesny*, 473 U.S. 1, 5 (1985).

Defendants presented Plaintiff with an Amended Offer of Judgment on September 29, 2014, ECF No. [76-1], for a sum of $7,500.00. On October 16, 2014, Plaintiff accepted the specific terms of the offer. ECF No. [76-2] at 1-2. The offer includes a term which provides that "these amounts are expressly deemed to include all damages, costs, attorneys' fees, pre-judgment interest accrued as of the date of this offer, and other relief Plaintiff is seeking." *Id.* at 4. The parties have since clarified that an additional $935.40 has been agreed to, which reflects the amount of "recoverable costs accrued through the date of the offer of judgment." ECF No. [79] at 2. *See also* ECF No. [79-1]. Still, no motion or hearing for attorney's fees and costs is necessary. Accordingly, it is

    **ORDERED AND ADJUDGED** as follows:

1. The Parties' Agreed Motion to Amend/Correct Judgment, **ECF No. [79]**, is **GRANTED**;
2. The Court's Rule 68 Final Judgment, **ECF No. [78]**, is **VACATED**;
3. Defendants, Celebration Cruise Line, LLC, and Caribbean Cruise Line, Inc., shall pay to Plaintiff, Eyal Vadai, a total sum of $8,435.40, in exchange for a release of the claims in the Complaint, for which sum let execution lie;

4. Defendants are **ENJOINED** from making the complained of telephone calls to Plaintiff's cellular and/or residential telephone numbers in a manner which violates the TCPA, using an automatic telephone dialing system (as defined by the TCPA) and without Plaintiff's prior express consent;

5. The Clerk of Court is instructed to **CLOSE** this case;

6. All remaining motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Ft. Lauderdale, Florida this 27th day of October, 2014.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record